**WISCONSIN PUBLIC SERVICE CORPORATION, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

**Xcel Energy Services Inc., Intervenor.**

**No. 04–1146.**

United States Court of Appeals, District of Columbia Circuit.

April 27, 2005.

Elizabeth Ward Whittle, Nixon Peabody, LLP, Washington, DC, for Petitioner.

Cynthia Ann Marlette, Patrick Yong Jin Lee, Federal Energy Regulatory Commission, Washington, DC, for Respondent.

Floyd Ligon Norton, IV, Morgan, Lewis & Bockius, LLP, Washington, DC, William Manouk Dudley, Xcel Energy Services Inc., Denver, CO, for Intervenor.

Before EDWARDS, RANDOLPH, and TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM

This petition for review of two orders of the Federal Energy Regulatory Commis-

sion was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the petition for review be granted and the case vacated and remanded for further proceedings consistent with this judgment.

Wisconsin Public Service Corporation ("WPS") petitions for review of the Federal Energy Regulatory Commission's initial and rehearing orders dismissing WPS's complaint. In those decisions, FERC upheld the determination by the Midwest Independent Transmission System Operator ("MISO") that WPS was not entitled to merger of two partial path transmission reservations because WPS was a party to only one of the underlying transmission service agreements and merely the beneficiary of the other. WPS, which had relied on the combination of the two paths for transmission to its customers, argues, among other things, that MISO's refusal to merge the paths departed from prior applications of § 10.3 of its Business Practices in similar circumstances. Specifically, WPS asserts that "MISO worked with WPS to merge an identical transmission reservation transaction (involving the merger of a point-to-point and network reservation) between WPS and Manitoba Hydro and has likely merged others with other customers." Req. for Rh'g at 16. Yet FERC's rehearing order failed to explain, or even to acknowledge, these allegations of differential treatment and denied WPS's request for an evidentiary hearing. As a result, we grant the petition, vacate, and remand to FERC so that it may respond or hold an evidentiary hearing. *See, e.g., PSEG Energy Resources & Trade LLC v. FERC*, 360 F.3d 200, 205 (D.C.Cir.2004) (remanding "[b]e-cause FERC's failure to respond cogently to [petitioner's] argument ... requires granting the company's petition").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).